NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA08-471

STATE OF LOUISIANA

VERSUS

CLARENCE EDMOND

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 96-170312
HONORABLE LORI ANN LANDRY

**********

BILLY H. EZELL
JUDGE

**********

Court composed of Oswald A. Decuir, Billy H. Ezell, and James T. Genovese, Judges.

APPEAL DISMISSED.

Hon. J. Phillip Haney
District Attorney, 16th JDC
415 S. Main St. 200 Courthouse
St. Martinville, LA 70582
(337) 394-2220
COUNSEL FOR APPELLEE:
    State of Louisiana

Edward Kelly Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, LA 70602-1641
COUNSEL FOR APPELLANT:
    Clarence Edmond

**Ezell, Judge.**

Defendant, Clarence Edmond, pled guilty to one count of manslaughter, a violation of La.R.S. 14:31, and to one count of attempted manslaughter, a violation fo La.R.S. 14:27 and 14:31, on August 25, 1997. He was sentenced to serve forty years at hard labor on the manslaughter conviction, and twenty years at hard labor on the attempted manslaughter conviction. The sentences were to run consecutively to each other, and to a five-year sentence on a juvenile conviction.

On or about September 25, 2006, Defendant filed a "Motion to Correct an Illegal Sentence." Although entitled "Motion to Correct an Illegal Sentence," Defendant's motion alleged he was subjected to double jeopardy. In response to Defendant's motion, the State filed a "Motion to Dismiss" asserting that Defendant's sentences are legal and that the double jeopardy claim is repetitive as Defendant filed a similar motion on January 26, 2000, asserting the same double jeopardy claim.

The trial court denied Defendant's "Motion to Correct an Illegal Sentence" on October 24, 2006. In response to the denial, Defendant filed a pleading entitled "Notice of Intent to Appeal." Although titled "Notice to Intent to Appeal," the motion indicates defendant was giving notice of intent to seek review of the judgment by writ of review. Nevertheless, the trial court apparently construed the pleading as a motion for appeal.

After the appeal was lodged, this court issued a rule to show cause why the appeal should not be dismissed as the judgment is not appealable. In response to the rule to show cause, Defendant's appellate counsel points to the language in the notice of intent which refers to a writ of review. Defendant's appellate counsel acknowledged dismissal of the appeal is appropriate, but requested that this matter be considered as a writ application.

1

As noted above, Defendant's pleading did not assert an illegal sentence claim, instead he asserted a double jeopardy claim, which is properly raised through an application for post-conviction relief. La.Code Crim.P. art. 930.3(3). Pursuant to La.Code Crim.P. art. 930.6(A), a judgment dismissing an application for post-conviction relief is not an appealable judgment. Accordingly, the appeal in this case is hereby dismissed.

As the judgment is reviewable on writs, this Court normally allows a Defendant time within which to file a writ application. However, in the instant case, this Court will not grant permission to file a supervisory writ application for the following reason. Defendant's convictions and sentences became final on September 1, 1997. At the time of his convictions and sentences, La.Code Crim.P. art. 930.8 provided for a 3 year time limit for filing a post-conviction relief application. Therefore, time for filing a post-conviction relief application expired in September, 2000. Defendant's most recent pleading asserting a post-conviction relief claim was filed in September 2006. Defendant does not allege or prove an exception to the time limit in his pleading filed in the trial court. The untimeliness of an application for post-conviction relief can be recognized by an appellate court for the first time. *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189, *abrogated in part on other grounds, State ex rel. Olivieri v. State*, 00-172 (La. 2/21/01), 779 So.2d 735, *cert. denied*, 534 U.S. 892, 122 S.Ct. 208 (2001).

Accordingly, the appeal in the instant case is hereby dismissed.

**APPEAL DISMISSED.**

2